**Frank Prox Company, Defendant in Error, v. E. A. Bryan, Plaintiff in Error.**

**Gen. No. 18,698.**

1. CORPORATIONS, § 710*—*when foreign corporation is not doing business in this State.* Where a foreign corporation, having no license to do business in this State and having no office in this State, sold its manufactured articles to customers in Illinois through traveling salesmen or by mail, and sometimes in filling orders purchased articles from a company in Chicago, *held* that it was engaged in interstate commerce and not doing business in this State, within the meaning of the statute prohibiting it from suing in the courts of this State.

2. PAYMENT, § 1*—*when giving of order on a third party does not amount to accord and satisfaction.* An order given to one party on another, which is a mere request to pay a certain sum of money out of moneys not yet due to the party giving the order,

*held* not to amount to an accord and satisfaction where the money was never paid and it is undisputed that the order was never intended to operate as payment.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

DAVIS & RANKIN, for plaintiff in error.

EASTMAN & WHITE, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Defendant in error brought an action to recover the price of certain articles sold and delivered by plaintiff to the defendant, and had judgment for the amount claimed. The defendant claims that the plaintiff was a foreign corporation not authorized to do business in Illinois; that it had done business in Illinois, therefore could not recover.

Plaintiff was a corporation organized under the laws of Indiana, with its place of business at Terre Haute, Indiana, and it had no license to do business in Illinois. It was engaged in the general foundry business, manufacturing mining machinery and doing a jobbing business in pipes and pipe fittings. It had no office in Illinois. It procured some orders in Illinois, either through traveling salesmen or by mail. Sometimes in filling orders in Illinois and elsewhere, which called for pipes and pipe fittings, they were purchased from the Crane Company of Chicago, and deliveries were made direct from Crane Company to the customer, but bills for same sent to plaintiff at Terre Haute. This was done in the transaction giving rise to this litigation. Plaintiff also in two or three instances sold to parties in Illinois a mining appliance called a shaker screen, which was manufactured at Terre Haute and installed in Illinois by men sent from

the factory.   No materials going into the structure were purchased in Illinois.

These facts bring plaintiff squarely within the description of a corporation engaged in interstate commerce, and hence the statute invoked by the defendant has no application to it.   See opinion in *Lehigh Portland Cement Co. v. McLean*, 245 Ill. 326, in which is a discussion of many decisions involving the consideration of what corporate activities come within the description of interstate commerce.   The reasoning and conclusion therein expressed control our conclusion in the case before us.   See also *Journal Co. of Troy v. F. A. L. Motor Co.*, 181 Ill. App. 530, for an extended discussion and large list of cases touching this question.

The transaction between Crane Company and plaintiff did not make Crane Company an agent of plaintiff so that what Crane Company did in Illinois could be called the doing of business in Illinois by plaintiff. Plaintiff was simply a purchaser in the matter.

It is argued that a certain order on another concern, given by defendant to plaintiff, amounts to an accord and satisfaction.   The order was merely a request to pay plaintiff a certain sum of money out of money not yet due to defendant.   This money was never paid, and the undisputed testimony of plaintiff is that the order was not intended to operate as payment, and the subsequent letters of defendant promising to pay the account support plaintiff's testimony.   These facts completely negative any defense based upon the claim of accord and satisfaction.

The judgment is correct and is affirmed.

*Affirmed.*